Filed: March 20, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - CRIMINAL
_____

No. 24-4048,  <u>US v. Ron Elfenbein</u>
             1:22-cr-00146-JKB-1

Briefing shall proceed on the following schedule:

JOINT APPENDIX due: 04/24/2024

BRIEF [Opening] due: 04/24/2024

BRIEF [Response] due: 05/15/2024

BRIEF [Reply] (if any) due: Within 10 days of service of response brief.

The following rules apply under this schedule:

- Filings must conform to the **[Fourth Circuit Brief & Appendix Requirements](#)** as to content, format, and copies. The Requirements are available as a link from this order and at **[www.ca4.uscourts.gov](http://www.ca4.uscourts.gov)**. FRAP 28, 30 & 32.
- The joint appendix must be paginated using Bates page numbering and the JA or J.A. format required by the **[Fourth Circuit Appendix Pagination & Brief Citation Guide](#)**. Appendix citations in the parties' briefs must use the same format. Local Rules 28(g) & 30(b)(4).
- All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs. Local Rules 28(a) & 28(d).
- Motions for extension of time should be filed only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c).
- If a brief is filed in advance of its due date, the filer may request a corresponding advancement of the due date for the next brief by filing a

motion to amend the briefing schedule.
- If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.
- Failure to file an opening brief within the scheduled time may lead to dismissal of the case and imposition of sanctions against counsel. Local Rules 45 & 46(g).
- Failure to file a response brief, or a motion to dismiss within the time allowed for filing a response brief, may result in waiver of defenses or loss of the right to be heard at argument. FRAP 31(c); Local Rule 27(f).
- The court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. Local Rule 34(a).
- If a case is to be scheduled for argument, counsel will receive prior notice from the court.

The following additional procedures apply to the filing of a brief under *Anders v. California*, 386 U.S. 738 (1967):

- If the *Anders* brief is being filed in a consolidated case in which co-defendants are not proceeding under *Anders*, counsel must prepare a separate opening brief and move to deconsolidate the *Anders* appeal.
- The filing of a joint appendix is required in *Anders* cases. The joint appendix should include all transcript, pleadings, and orders relating to the criminal appeal, including transcript of pre-trial, trial, guilty plea, and sentencing proceedings (arraignment, bail hearing, voir dire, and opening and closing argument transcript is not required unless relevant to a potential issue). CJA counsel should file a motion to exceed length limitations if the joint appendix exceeds 500 pages.
- An *Anders* brief that simply states there are no appealable issues is insufficient. The *Anders* brief must state that counsel has reviewed the entire record; the brief must identify any arguable issues with appropriate joint appendix citations and state, in a brief discussion with case citation, why such issues lack merit.
- Counsel must file a **Certificate of service of Anders brief** on defendant, stating that the defendant has been provided with a copy of the *Anders* brief and joint appendix and advised of his right to file a supplemental pro se brief within 30 days.
- If the defendant is not English-speaking, counsel must ensure that the substance of the *Anders* brief and the defendant's right to file a supplemental pro se brief is communicated to the defendant in his or her language. CJA counsel requiring interpreter or translator services must file an authorization

request in the Fourth Circuit's eVoucher system before securing these services and state in the **[Certificate of service of Anders brief](#)** that interpreter or translator services were provided.
- The *Anders* procedures do **not** apply to hybrid briefs in which counsel raises meritorious issues as well as *Anders* issues. Accordingly, counsel filing a hybrid brief should not advise his client that he has a right to file a pro se supplemental brief.

/s/ NWAMAKA ANOWI, CLERK
By: Anisha Walker, Deputy Clerk